Frederick Bates
1235 Muirkirk Ct
Folsom, CA 95630
Phone Number: (408) 510-9174
E-mail Address: mrb10364evr@aol.com

Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Frederick Bates,<br><br>    Plaintiff,<br><br>vs.<br><br>City of San Jose; Robert Davis, individually and in his official capacity as City of San Jose Chief of Police; Adonna Amoroso, individually and in her official capacity as City of San Jose Deputy Chief of Police; Tuck Younis, individually and in his official capacity as City of San Jose Police Captain,<br><br>    Defendants. | Case Number: 20 07609<br><br>**COMPLAINT FOR INDEPENDENT ACTION IN EQUITY FOR RELIEF FROM JUDGMENT** |

RECEIVED OCT 29 2020 SUSAN Y. SOONG CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE    SVK

## I.   INTRODUCTION

This is a complaint by Plaintiff, proceeding pro se, for independent action in equity for relief from judgment in case C-06-05302 RMW (Frederick Bates vs. City of San Jose et al) filed by Plaintiff on August 29, 2006. Defendants filed a motion for summary judgment on October 12, 2007. Defendants were granted their motion for summary judgment on July 7, 2008 based on qualified immunity for individual Defendants Adonna Amoroso and Robert Davis, and collateral estoppel as to Defendant City of San Jose. Plaintiff alleges that the judgment as it relates to the grant of qualified immunity to individual Defendants Amoroso and Davis was procured through

1

fraud on the court. Plaintiff alleges that the dismissal of Plaintiff's cause of action against Defendant City of San Jose based on collateral estoppel violates 28 U.S.C. Section 1738, the Full Faith and Credit Act. Plaintiff alleges that the court's deep-seated bias against him and favoritism for Defendants renders its judgment unconstitutional. Plaintiff alleges that the judgment is void because of fraud on the court and the clear violation of 28 U.S.C. Section 1738. Plaintiff alleges that he has been deprived of his rights under the Constitution to due process and equal treatment under the law. This action is brought pursuant to Federal Rules of Civil Procedure 60(d)(1) and 60(d)(3), 28 U.S.C. Section 1738, and the First, Fifth, and Fourteenth Amendments of the United States Constitution.

**PLAINTIFF ALLEGES:**

1) Jurisdiction for this action is not an issue since this court entered judgment in case C-06-05302 RMW and currently has jurisdiction over its judgment.

## FIRST CAUSE OF ACTION

2) In August 2006, Plaintiff filed complaint C-06-05302 RMW. In that complaint, Plaintiff sued the City of San Jose, Chief of Police Robert Davis, Deputy Chief of Police Adonna Amoroso and Police Captain Tuck Younis for violating his civil rights when he was denied a permit to carry a concealed weapon (CCW), without a hearing required by Section 12027.1 of the California Penal Code, upon his medical disability retirement from the City's police department in 2004.

3) The summary of Plaintiff's complaint is that he was first denied a CCW permit by Defendant Amoroso because she claimed to be confused about Plaintiff's work restriction to avoid psycho-emotional stress due to his hypertension, and that she believed Plaintiff's retirement was based on a psychological disability. Yet Defendants Younis and Davis denied Plaintiff a CCW permit several more times after receiving information in the form of letters from

2

Complaint

Plaintiff's doctor and attorney explaining that his work restriction was provided in order to control his hypertension. Furthermore, the information provided made it clear that Plaintiff did not have a psychological disability and that he should have no problem or difficulty carrying a concealed weapon. The heart of Plaintiff's complaint is that Defendants Younis and Davis denied Plaintiff a CCW permit, without a hearing, with the knowledge that he did not retire on a psychological disability and that he was qualified to carry a concealed weapon based on the information Younis and Davis received from his doctor and attorney. California Penal Code Section 12027.1 requires that a retiring officer be given a hearing in front of a three member hearing board in all denials of a CCW permit except for psychological disability retirements.

4) The City filed its answer on November 27, 2006. The City made admissions to allegations in Plaintiff's complaint that Defendants Amoroso, Younis, and Davis violated the mandatory hearing requirement of Section 12027.1 of California's Penal Code. The City admits in its answer unequivocally that Defendant Younis, and by necessary implication Defendant Davis, violated Section 12027.1 because they denied Plaintiff a CCW permit, without a hearing required by Section 12027.1, when they knew with absolute certainty that Plaintiff did not have a psychological disability and was entitled to a CCW permit or a hearing.

5) Shortly after filing the Defendants' answer, attorneys for the City engaged in a conspiracy with Plaintiff's attorney, Stuart Kirchick, to perpetrate fraud on the court by submitting a false set of facts and fraudulent documents. On December 1, 2006, Kirchick and attorneys for the City filed a joint case management statement pushing a false narrative that Plaintiff was denied his CCW permit only one time by Defendant Amoroso in April 2004 and that Plaintiff was granted his CCW permit in August 2004 by Defendant Younis after Younis received a letter from Plaintiff's doctor stating that he should have no problem or difficulty carrying a concealed weapon. This narrative is easily proven to be false by the aforementioned

3

Complaint

allegations in Plaintiff's complaint and the admissions in Defendants' answer which establish that Plaintiff was denied a CCW permit in August 2004 by Defendant Younis after Younis received the letter stating that Plaintiff should have no problems or difficulty carrying a concealed weapon because of his work restriction to avoid stress. Defendants also admit in their answer that Plaintiff was denied a CCW permit for four more months; and that it was in December 2004 when Plaintiff received a CCW permit.

6) The false narrative that Plaintiff was denied his CCW permit only one time by Defendant Amoroso in April 2004 and that Plaintiff received his CCW permit in August 2004 from Defendant Younis set the stage for a summary judgment motion that was to be filed by Defendants for the express purposes of perpetrating fraud on the court and depriving Plaintiff of his constitutional rights to a fair trial on his complaint.

7) To further set the stage for Defendants' motion for summary judgment was the perjured statements of Defendant Younis in his deposition on June 8, 2007. Younis pushed the false narrative that was agreed to in the settlement conference statement that he granted Plaintiff his CCW permit immediately upon receiving the information in August 2004 clarifying that Plaintiff did not retire on a psychological disability and was qualified to carry a concealed weapon.

8) On August 3, 2007, Defendant Younis was dismissed from Plaintiff's lawsuit through a fraudulent stipulation between Plaintiff's attorney and Defendants' attorneys without any reason being given. Plaintiff never authorized his attorney to dismiss Defendant Younis from his lawsuit and Plaintiff's attorney never had a discussion with Plaintiff regarding the dismissal of Younis. The dismissal of Younis caused irreparable harm to Plaintiff's complaint. The stipulation of dismissal was entered for the purpose of depriving the court of its rightful authority to rule on the actions of Younis that clearly violated Plaintiff's constitutional rights to a due process hearing guaranteed by Section 12027.1 of the California Penal Code.

9) On October 12, 2007, Defendants filed their motion for summary judgment based on the defense of qualified immunity for individual Defendants Amoroso and Davis. The focus of the summary judgment motion was the false narrative put forth by the joint settlement conference statement by Defendants and Plaintiff's attorney that Plaintiff had been denied his CCW permit only one time by Defendant Amoroso. The summary judgment motion falsely states that Plaintiff was granted his CCW permit by Defendant Younis in August 2004 after Younis received the letter from Plaintiff's doctor clarifying that Plaintiff's work restriction should not prohibit him from carrying a concealed weapon.

10) On October 12, 2007, former Defendant Tuck Younis (fraudulently dismissed by stipulation) filed a declaration in support of Defendants' motion for summary judgment under penalty of perjury. Younis knowingly made a false statement on a material issue. Younis declared that Defendant Rob Davis played no role in the denial and later granting of Plaintiff's CCW permit, even though Davis received the letters from Plaintiff's attorney and doctor in October 2004 stating that Plaintiff should be granted a CCW permit. Younis was well aware that his declaration was based on fraud and that he was committing perjury.

11) On October 29, 2007, Plaintiff's attorney filed his opposition to Defendants' motion for summary judgment. In keeping with the false narrative that Plaintiff's attorney and Defendants' attorneys had agreed to in their joint settlement conference statement, Plaintiff's opposition only addressed the denial of Plaintiff's CCW permit by Defendant Amoroso in April 2004. Plaintiff's attorney intentionally did not argue in his opposition papers that the Defendants had made admissions in their answer that Defendant Younis and Defendant Davis both denied Plaintiff a CCW permit, without a hearing, after receiving letters from Plaintiff's doctor and attorney clarifying that Plaintiff was qualified to carry a concealed weapon. Even though it was indisputable that Defendants Younis and Davis violated the hearing requirement of Section

5

12027.1, Plaintiff's attorney did not make this argument in his opposition because of the agreement he made with attorneys for the City to perpetrate fraud on the court with their joint settlement conference statement that Plaintiff had been denied his CCW permit only once by Defendant Amoroso in April 2004. In the hearing on Defendants' summary judgment motion on November 9, 2007, Plaintiff's attorney also failed to argue that Defendants had admitted in their answer that Defendant Younis had denied Plaintiff a CCW permit, without a hearing required by Section 12027.1, when it was sufficiently clear that Plaintiff did not retire on a psychological disability.

12) On July 7, 2008, the motion for summary judgment was granted as to Defendants Amoroso and Davis based on their qualified immunity defense, even though the court held that Amoroso and Davis violated Plaintiff's due process rights to a hearing under Section 12027.1. The court ruled that it was clear from Plaintiff's application for disability retirement that he retired on a medical disability instead of a psychological disability and was therefore entitled to the due process hearing required by Section 12027.1. The court ruled that the hearing requirement of Section 12027.1 implicates a constitutionally protected interest because the hearing requirement impose a substantive restriction on the actions of the City's police department.

13) The fraud on the court perpetrated by Defendants and Plaintiff's attorney deprived him of due process that is guaranteed by the United States Constitution because it hindered the court's ability to make a fair and impartial ruling on Defendants' motion for summary judgment. The fraud by Defendants and Plaintiff's attorney renders the judgment of the court null and void.

## SECOND CAUSE OF ACTION

14) In its judgment on July 7, 2008, the court dismissed Plaintiff's cause of action against Defendant City of San Jose based on the collateral estoppel effect of a judgment the City won

Complaint

against Plaintiff in 2006 in the County of Santa Clara Small Claims Court in the State of California. In giving preclusive effect to the small claims judgment, the court failed to follow the requirements of 28 U.S.C. Section 1738, the Full Faith and Credit Act. The Full Faith and Credit Act, which is bolstered by U.S. Supreme Court precedent and the precedent of the Ninth Circuit Court of Appeals, commands federal courts to look to the preclusion law of the state where the judgment was rendered; and to give the same preclusive effect to a state court judgment as would a court in the rendering state.

15) Under California preclusion law, the small claims judgment would not be given preclusive effect because the issue that Plaintiff raised in his small claims complaint, which is the same in Plaintiff's complaint C-06-05302 RMW, was not litigated and determined in the small claims proceeding. The issue that Plaintiff raised in the small claims case and in C-06-05302 RMW is that police officials, Davis, Amoroso, and Younis denied him a due process hearing that is mandated by California law after Plaintiff was denied a CCW permit upon his medical disability retirement from the San Jose Police Department. Furthermore, there is no record whatsoever from the Small Claims Court that states what was litigated and determined and that Plaintiff was given a full and fair opportunity to litigate his claim. The judgment of the court as it relates to collateral estoppel has no legal basis whatsoever and is a blatant violation of 28 U.S.C. Section 1738, the Full Faith and Credit Act.

16) The judgment as it relates to the issue of collateral estoppel has no binding effect on Plaintiff by law and its enforcement violates Plaintiff's due process rights under the United States Constitution.

### THIRD CAUSE OF ACTION

17) Plaintiff reallege and incorporate by reference the allegations set forth in paragraphs 2-14 of this complaint.

7

Complaint

18) The court could have and should have entered summary judgment in Plaintiff's favor *sua sponte* after Defendants made admissions in their answer to his complaint (C-06-05302 RMW) that they had violated the hearing requirement of Section 12027.1 when denying Plaintiff a CCW permit. Defendants made admissions in their answer that Defendant Younis received a letter from Plaintiff's doctor stating that his work restriction to avoid psycho-emotional stress was provided for medical reasons and not psychological reasons and that he was a suitable candidate to receive a CCW permit. Defendants admitted in their answer that Younis denied Plaintiff a CCW permit, without a hearing, after receiving the letter. The denial of a CCW permit to Plaintiff, without a hearing, was a clear violation of the hearing requirement of California Penal Code Section 12027.1 which implicates a constitutionally protected interest.

19) The court's grant of qualified immunity to Defendant Amoroso is inconsistent with the facts and the law based on its finding that Amoroso violated the hearing requirement of Section 12027.1 and that 12027.1 implicates a constitutionally protected interest. The court's grant of qualified immunity to Defendant Amoroso reflects intentional bias towards Plaintiff and favoritism for Defendants.

20) The court did not act in an impartial manner when Plaintiff filed a Rule 60 motion for relief from judgment on February 21, 2013. The court misrepresented Plaintiff's motion in docket entries to be regarding "Cost Taxed," when in fact, his motion was based on fraud on the court by Defendants and Plaintiff's attorney. The court conspired with Defendants to hold a fraudulent hearing denying his motion on April 26, 2013 resulting in a fraudulent transcript and civil minutes based on the court's favoritism for Defendants and bias against Plaintiff.

21) The court was not impartial and disinterested when it denied Plaintiff's motion to vacate the stipulation of dismissal of Defendant Tuck Younis that was filed on September 25, 2014. The motion to vacate the stipulation of dismissal of Defendant Younis established that Plaintiff's

attorney entered the stipulation without his knowledge and authority and that the stipulation harmed his cause of action.

22) The court was not impartial and disinterested when it denied Plaintiff's motion to vacate judgment filed on May 9, 2016 that was styled as an independent action in equity. Plaintiff's motion to vacate set out grounds to vacate judgment on his complaint (C-06-05302 RMW) based on fraud on the court and the court's failure to follow 28 U.S.C. Section 1738 (the Full Faith and Credit Act) when it dismissed Defendant City of San Jose based on collateral estoppel.

23) The court's pervasive and deep seated bias against Plaintiff and favoritism towards Defendants deprived Plaintiff of an impartial and disinterested tribunal that is guaranteed by the due process clause of the Fifth Amendment of the United States Constitution.

**REQUEST FOR RELIEF**

24) Plaintiff respectfully requests that the court vacate and set aside the judgment in case C-06-05302 RMW and reinstate his causes of action based on reasons stated in this complaint and for any other reason(s) the court may deem appropriate.

Date: October 19, 2020

Frederick Bates
Plaintiff, Pro Se