NORA FRIMANN, City Attorney (93249)
ARDELL JOHNSON, Assistant City Attorney (95340)
MATTHEW W. PRITCHARD, Senior Deputy City Attorney (284118)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREDERICK BATES,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF SAN JOSE, et al.<br><br>            Defendants. | Case Number: 5:20-cv-07609-BLF<br><br>**CITY OF SAN JOSE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Date:    August 12, 2021<br>Time:    9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Judge:   Hon. Beth L. Freeman |


**TABLE OF CONTENTS**

**Introduction** ............................................................................................................................. 1

**Relevant Background** ............................................................................................................. 1

    I.    Plaintiff's initial action in 2006 and related appeal ..................................................... 1

    II.    Plaintiff attempts to reopen judgment with two Rule 60 motions in this Court, both of which are denied, and both of which he unsuccessfully appeals ........................................................................................................................ 2

    III.    Plaintiff files a new lawsuit, yet another Rule 60 motion to reopen judgment, and unsuccessful appeals from the Court's adverse orders on both ............................................................................................................................. 4

**Argument** ................................................................................................................................ 5

    I.    Plaintiff's claim of fraud between attorneys is barred and meritless .......................... 6

    II.    The law-of-the-case doctrine bars Plaintiff's repeatedly rejected *res judicata* argument ..................................................................................................... 8

    III.    Plaintiff's arguments that the Court engaged in impartial and fraudulent conduct are barred and meritless ................................................................................ 9

    IV.    Plaintiff is and should be declared a vexatious litigant ............................................. 9

**Conclusion** ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Boustred v. Gov't*,
  No. C-08-00546 RMW, 2008 WL 4287570 (N.D. Cal. Sept. 17, 2008) ........................................ 10

*Figy v. Amy's Kitchen, Inc.*,
  No. C 13-03816-SI, 2014 WL 3362178 (N.D. Cal. July 7, 2014) ..................................................... 8

*Frost v. United States*,
  No. 19-CV-05190-EMC, 2020 WL 1288326 (N.D. Cal. Mar. 18, 2020) ................................. 10, 11

*Latshaw v. Trainer Wortham & Co.*,
  452 F.3d 1097 (9th Cir. 2006) .................................................................................................... 7, 9

*Maraziti v. Thorpe*,
  52 F.3d 252 (9th Cir. 1995) ............................................................................................................ 8

*Molski v. Evergreen Dynasty Corp.*,
  500 F.3d 1047 (9th Cir. 2007) .................................................................................................. 9, 10

*Ou-Young v. Stone*,
  No. 19-CV-07000-BLF, 2019 WL 6619879 (N.D. Cal. Dec. 5, 2019) ......................................... 11

*Sepehry-Fard v. Select Portfolio Servicing, Inc.*,
  No. 14-CV-05142-LHK, 2015 WL 1063070 (N.D. Cal. Mar. 10, 2015) ...................................... 11

*Suel v. Sec'y of Health & Human Servs.*,
  192 F.3d 981 (Fed. Cir. 1999) .................................................................................................... 7, 8

*United States v. Agofsky*,
  516 F.3d 280 (5th Cir. 2008) .......................................................................................................... 7

*Vidimos, Inc. v. Wysong Laser Co.*,
  179 F.3d 1063 (7th Cir. 1999) ........................................................................................................ 7

*Warwick v. Univ. of the Pac.*, No. C,
  08-3904 CW, 2011 WL 5573939 (N.D. Cal. 2011) ....................................................................... 5

**Statutes**

28 U.S.C. § 1651(a) ............................................................................................................................. 9

**Rules**

Fed. R. Civ. P. 60(d)(3) ............................................................................................................. 5

Federal Rule of Civil Procedure 60 ..................................................................................... passim

Fed. R. Civ. P. Rule 60(d) ........................................................................................................ 8

**Other Authorities**

10 Fed. Prac. & Proc. Civ. § 2651 (3d ed.) ............................................................................... 5

## Introduction

In 2008, this Court ended Plaintiff Frederick Bates's lawsuit against the City of San Jose and other named defendants by granting their motion for summary judgment and issuing a final judgment of dismissal. Unsatisfied with that result, Plaintiff has spent the thirteen years since then seeking to resurrect his suit with various motions, appeals, and other filings. In total, Plaintiff has filed at least four motions to reopen judgment, two new complaints, and five appeals stemming from his original 2006 lawsuit. All have been based on the same allegations and events. All have failed. The instant action and complaint—which is a virtual replica of the several unsuccessful "Rule 60" motions and related claims Plaintiff filed in 2013 and 2016—represents Plaintiff's latest such filing.

Plaintiff's complaint is meritless. Its claims are plainly precluded by the law-of-the-case doctrine, and it alleges no fraud or other basis for reopening the thirteen-year-old final judgment against Plaintiff. The City requests that the Court dismiss. The City further requests that the Court prevent further harassment of Defendants and abuse of the judicial process by declaring Plaintiff a vexatious litigant.

## Relevant Background

I. **Plaintiff's initial action in 2006 and related appeal**

In 2005, Plaintiff sought damages from the City in a state lawsuit. Plaintiff did not prevail there, and in 2006, he filed his first federal suit against the City. (N.D. Cal. C-06-05302-RMW, Dkt. 30.) Plaintiff claimed that Defendants violated his civil rights by causing an eight-month delay in his receipt of a concealed weapon permit following his retirement from the San Jose Police Department in April 2004. (*Id.*) This Court disposed of that claim in July 2008 by granting summary judgment in favor of all defendants. (*Id.*) The Court issued a final judgment dismissing the case the same day. (*Id.*, Dkt. 31) Thus began a thirteen-year period in which Plaintiff would file

three lawsuits against the City and its personnel, submit myriad motions, requests, and letters to the courts, and initiate three separate appeals, all of which would fail.

In the first appeal of this multiplicity, Plaintiff sought to reverse this Court's 2008 judgment against him. (*Id.*, Dkt. 34 and 9th Cir. 08-16757.) The Ninth Circuit affirmed this Court's judgment in November 2009. (N.D. Cal. C-06-05302-RMW, Dkt. 38.) Plaintiff subsequently submitted a letter to the Court of Appeal dated February 1, 2010, asserting that this Court's judgment resulted from "misconduct by the City" (9th Cir. 08-16757, Dkt. 22). The Ninth Circuit declined to take any action in response to the letter, and ordered on February 16, 2010 that no further filings be accepted in the closed appellate case. (9th Cir. 08-16757, Dkt. 23.)

Plaintiff nonetheless continued to submit documents to the Ninth Circuit. (9th Cir. 08-16757, Dkts. 24-25 and 27-30.) One such document was entitled "Motion to Vacate Void Judgment," signed by Plaintiff on September 25, 2012. (*Id.*, Dkt. 30; a copy of this motion was also submitted to this Court by Plaintiff at N.D. Cal. C-06-05302-RMW, Dkt. 54.) Plaintiff argued in the motion that the City's attorneys had "concocted an unconscionable plan designed to improperly influence" the District Court's decision regarding summary judgment, "perpetrated fraud on the court," and made "false assertions of fact and misrepresentations" (N.D. Cal. C-06-05302-RMW, Dkt. 54.) Plaintiff also argued that the Court's decision violated the Full Faith and Credit Act. (*Id.*) The Ninth Circuit took no action on the motion.

II. **Plaintiff attempts to reopen judgment with two Rule 60 motions in this Court, both of which are denied, and both of which he unsuccessfully appeals**

A few months later, in February 2013, Plaintiff filed a motion with this Court under Federal Rule of Civil Procedure 60 seeking relief from the 2008 judgment of dismissal. (N.D. Cal. C-06-05302-RMW, Dkt. 43) Plaintiff' motion was based on allegations of attorney misconduct—misconduct he attributed to the City's attorneys as well as his own. Plaintiff's primary argument

2

<3>was (as in the letters he had filed) that the City's attorneys had "concocted an unconscionable plan designed to improperly influence" the Court's 2008 decision to grant the defendants' Motion for Summary Judgment. (*Id.* p. 10.) Plaintiff asserted that, as part of this plan, the City's attorneys made "false claims" (*id.*), engaged in a "scheme to defraud the court" *(id.)*, and "deliberately misled this court" (*id.* at p. 18–19). Plaintiff emphasized in the motion that he had "filed three letters and three motions with the Ninth Circuit between February 2010 and September 2012 challenging that Court's order based on the misconduct by the attorneys for the Defendants." (N.D. Cal. C-06-05302-RMW, Dkt. 53, p. 3:9 – 11.)

This Court denied Plaintiff's Rule 60 motion in April 2013 (*Id.*, Dkt. 55), and Plaintiff initiated another appeal (*Id.*, Dkt. 62; and 9th Cir. 13-16397). In the new appeal, Plaintiff once again accused the City's attorneys of committing fraud on the court. (9th Cir. 13-16397, Dkt. 7.)

In September 2013, while that appeal was pending, Plaintiff filed a second Rule 60 motion with this Court that contained additional accusations directed at his own former lawyer as well as the City's attorneys. (N.D. Cal. C-06-05302-RMW, Dkt. 72.) The principal allegation in this second Rule 60 motion was that Plaintiff's attorney entered into a stipulation to remove one defendant (Tuck Younis) from the lawsuit without Plaintiff's consent, which Plaintiff regarded as a fraudulent act. *See id.* That motion was denied (*id.*, Dkt. 86), and Plaintiff initiated a third appeal (N.D. Cal. C-06-05302-RMW, Dkt. 88 and 9th Cir. 14-15080), which the Ninth Circuit summarily dismissed in February 2014 (N.D. Cal. C-06-05302- RMW, Dkt. 92).

On July 15, 2015, the Ninth Circuit also affirmed the District Court's denial of Plaintiff's first Rule 60 motion. (N.D. Cal. C-06-05302-RMW, Dkt. 100.) While Plaintiff' petition for rehearing of the Ninth Circuit decision was pending, he sent the Court of Appeal a letter dated October 15, 2015 (9th Cir. 13-16397, Dkt. 43) that stated on page 3:

CITY OF SAN JOSE'S MOTION TO DISMISS,
DECLARE PLAINTIFF A VEXATIOUS LITIGANT

5:20-cv-07609-BLF
1794495_2

> A failure of this court to reverse itself all but ensures that litigation will not end, because the current ruling of this court is void by law and I am under no obligation to comply with it. I will not be bullied by the courts or the City in relinquishing my rights in this matter. This means that more judicial resources will be wasted; and it will also create a very uncomfortable situation.

Plaintiff's petitioned for rehearing, and the Ninth Circuit denied the petition three days after his October 15 letter. (N.D. Cal. C-06-05302-RMW, Dkt. 102.)

### III. Plaintiff files a new lawsuit, yet another Rule 60 motion to reopen judgment, and unsuccessful appeals from the Court's adverse orders on both

In December 2015, Plaintiff filed a new lawsuit with allegations arising out of the same circumstances underlying the present case (N.D. Cal. 15-cv-5729-EJD, Dkt. 1). Plaintiff alleged in the new action that City's mayor and councilmembers violated his constitutional rights when they did not respond to an open letter he had posted on the internet accusing other city officials of misconduct. (*Id.*) Plaintiff's complaint sought a $5 million damages award against the City and $100,000 in punitive damages against each individual Councilmember. (*Id.*) The Court dismissed the suit for failure to state a claim. (*Id.*, Dkt. 40.) Bates appealed, and the Ninth Circuit summarily affirmed the district court's order on December 14, 2016, holding that the "questions raised in [Bates's] appeal [were] so insubstantial as not to require further argument." (9th Cir. 16-16094, Dkt. 14.) Bates filed a motion for reconsideration, which was denied. (*Id.*, Dkt. 16.)

Finally, Plaintiff filed his third Rule 60 motion for relief from judgment in this Court in May 2016. (N.D. Cal. C-06-05302-RMW, Dkt. 116.) Plaintiff sought in that motion to recuse Judge Ronald M. Whyte, to whom the case was assigned, based on the allegation that Judge Whyte had shown bias against him. (*Id.*) In August 2016, the Court denied Plaintiff's motion for recusal and motion for relief from judgment. (*Id.* Dkt. 128.) The Court ruled that the relief Plaintiff sought was barred by the law of the case doctrine given that Plaintiff's claims of fraud, violation of the Full Faith and Credit Act, and related arguments had already been decided multiple times. *See id.* The

Court held that Plaintiff had therefore not shown that relief was warranted under Rule 60 and denied the motion. *Id.* Plaintiff appealed form the Court's denial of Plaintiff's motion to reopen. (9th Cir. 16-16581.) The Ninth Circuit summarily affirmed, again finding that Plaintiff's appeal raised issues "so insubstantial as not to require further argument," and then denied Plaintiff's motion for reconsideration. (*Id.* Dkts. 11, 14.) The mandate in that appeal issued in March 2017. (*Id.* Dkt. 15.)

## Argument

This Court has entered a final judgment, on the merits, disposing of all Plaintiff's claims in this action. "A judgment is the final determination of an action and thus has the effect of terminating the litigation" between the parties. Wright, Miller, & Kane, Definition of a "Judgment," 10 Fed. Prac. & Proc. Civ. § 2651 (3d ed.). The Court has also issued multiple orders denying Plaintiff's request to reopen that judgment. Plaintiff's case is therefore at an end unless he can demonstrate that one of the extraordinary circumstances in law or equity to justify the unusual step of disturbing a final judgment applies.

He cannot. Plaintiff again invokes the Court's equitable power to set aside judgments procured by a bona fide fraud on the Court, Fed. R. Civ. P. 60(d)(3), but as with Plaintiff's abortive Rule 60 motions in 2013 and 2016, Plaintiff's allegations of fraud consist of immaterial grievances and recapitulations of arguments he argued unsuccessfully in opposing summary judgment when this case was still live years ago. It follows that Plaintiff has adduced nothing to prove any fraud, much less evidence to prove it clearly and convincingly. *See Warwick v. Univ. of the Pac.*, No. C 08-3904 CW, 2011 WL 5573939, at *5 (N.D. Cal. 2011) (plaintiff failed to prove fraud on the court under applicable clear and convincing standard).

Plaintiff splits his fraud claim into three parts. First, he claims that "the City engaged in a conspiracy with Plaintiff's attorney . . . to perpetrate a fraud on the court." *See* Compl. ¶ 5. Second, Plaintiff argues that enforcement of an earlier judgment on preclusion grounds "violates [his] due

process rights." *Id.* ¶ 16. Third, Plaintiff says that the Court itself engaged in fraud by failing to act impartially and "conspire[ing] with Defendants to hold a fraudulent hearing" in 2013. *Id.* ¶ 20.

Plaintiff has already advanced—and this Court has already repeatedly disposed of—all of these arguments over the course of this long case. The law-of-the-case doctrine accordingly precludes those arguments here, which are in any event meritless. Plaintiff's continued use of the courts to prosecute his grievance despite multiple orders over multiple years is abusive, and he is a vexatious litigant who should be declared so to protect the court and Defendants from further abuse.

### I.     Plaintiff's claim of fraud between attorneys is barred and meritless

In his 2013 and 2016 Rule 60 motions, Plaintiff asked this Court to set aside its final judgment on the grounds that "his attorney and attorneys for Defendants perpetrated fraud on the court by filing the stipulation of dismissal" of defendant Tuck Younis. (N.D. Cal. C-06-05302-RMW, Dkts. 43, 72.) That is the same argument Plaintiff makes in his complaint now, namely that his attorney and Defendants' attorney conspired to commit fraud, including through "a fraudulent stipulation" to cause the dismissal of Defendant Younis. Compl. ¶¶ 5-8. Plaintiff's theory of fraud in the 2013 and 2016 motions was that the stipulation of dismissal was "filed without any input whatsoever from Bates" and without "gaining any benefit [for Plaintiff] whatsoever." (N.D. Cal. C-06-05302-RMW, Dkt. 72.) Plaintiff likewise claims here that collusion is clear from the fact that "Plaintiff never authorized his attorney to dismiss Defendant Younis" and that the stipulation was entered into "without any reason being given." Compl. ¶ 8.

When faced with these allegations the first time, this Court rejected them out of hand. (N.D. Cal. C-06-05302-RMW, Dkt. 86.) The Court observed that the only basis for Plaintiff's claim of collusion was his own "self-serving declaration" created "five years after the court entered judgment," which the Court ruled was "insufficient" to meet Plaintiff's "high burden" of providing clear and convincing evidence of fraud on the Court. (*Id.*) The Court further ruled that, even if true,

Plaintiff's allegations would not have established that the "adversary process was undermined" for purposes of the fraud-on-the-court exception to the finality of judgments since defendant Younis would have been shielded by qualified immunity to the same degree as the other named defendants had he remained in the case. (*Id.*) The Ninth Circuit subsequently affirmed the Court's ruling in all respects. (N.D. Cal. C-06-05302-RMW, Dkts. 92, 100.) And both this Court and the Ninth Circuit again reaffirmed that ruling on law-of-the-case grounds in 2016 and 2017. (*Id.*, Dkts. 128, 134.)

That was the end of the matter, many times over. Because this Court (not to mention the appellate court) already considered and disposed of Plaintiff's "fraud" argument regarding defendant Younis in 2013, and then again in 2016, it is the law of the case, "the purpose of which is to prevent relitigation of issues that have been decided." *See, e.g., Suel v. Sec'y of Health & Human Servs.*, 192 F.3d 981, 984 (Fed. Cir. 1999). Indeed, Plaintiff proves the wisdom of the observation that without the law-of-the-case doctrine, "cases would end only when obstinate litigants tire of re-asserting the same arguments over and over again." *See United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008); *cf. Vidimos, Inc. v. Wysong Laser Co.*, 179 F.3d 1063, 1066 (7th Cir. 1999) ("In a case involving modest stakes, now in its eighth year, such a litigating strategy [of raising issues that have already been decided] is inconsiderate to the parties and the judiciary, and will not be allowed to succeed.").

Moreover, this Court's rejection of Plaintiff's fraud theory was undoubtedly correct. As the Court observed in its 2013 ruling, "[c]ourts are to read 'fraud on the court' [within the meaning of the equitable principle enshrined in Rule 60] narrowly, in the interest of preserving the finality of judgments." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006); (N.D. Cal. C-06-05302-RMW, Dkt. 86). The mere allegation that Plaintiff's attorney did not sufficiently uphold his interests, even if true, would not suffice to prove the singular species of fraud that could

justify reopening a final judgment eight years after it was entered. (N.D. Cal. C-06-05302-RMW, Dkt. 86.)

## II. The law-of-the-case doctrine bars Plaintiff's repeatedly rejected *res judicata* argument

In his opposition to summary judgment back in 2007, Plaintiff argued that the Court could not apply *res judicata* to preclude his claim against the City of San Jose based on an earlier adverse state-court ruling. (N.D. Cal. C-06-05302-RMW, Dkt. 24.) This Court rejected that claim, ruling that *res judicata* did in fact bar Plaintiff's suit against the City, and the Ninth Circuit affirmed that conclusion. (N.D. Cal. C-06-05302-RMW, Dkts. 30, 38.) Plaintiff then filed his first Rule 60 motion in 2013, in which he again argued that the adverse state judgment could not have preclusive effect in his lawsuit. (N.D. Cal. C-06-05302-RMW, Dkt. 43 p. 18.) This Court again rejected the argument, and the Ninth Circuit again affirmed. (N.D. Cal. C-06-05302-RMW, Dkts. 55, 100.) And Plaintiff raised the argument with this Court a third time in yet another Rule 60 motion in 2016. This Court and the Ninth Circuit rejected it, again. (*Id.*, Dkts. 128, 134.)

Plaintiff now advances that argument before this Court for at least the fourth time. Compl. ¶¶ 14, 16 (arguing that the Court "failed to follow the requirements of . . . The Full Faith and Credit Act" by "giving preclusive effect" to his state-court judgment, which "violates Plaintiff's due process rights"). He may not do so. The law-of-the-case doctrine precludes Plaintiff from once again litigating an issue on which this Court has issued definitive rulings. *See Suel*, 192 F.3d at 984. As plaintiff should have learned from the last times he tried the same thing, the equitable remedy described in Rule 60(d) is not a vehicle to "relitigate old matters or raise new arguments that could have previously been presented prior to the entry of judgment." *See Figy v. Amy's Kitchen, Inc.*, No. C 13-03816-SI, 2014 WL 3362178, at *3 (N.D. Cal. July 7, 2014); *see also Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (holding that Rule 60 may not be used "merely" to "reiterate arguments that [the party already] presented to the district court").

### III. Plaintiff's arguments that the Court engaged in impartial and fraudulent conduct are barred and meritless

This Court has already rejected Plaintiff's theory that the Court did not act impartially and showed "bias" against him in its past conduct and rulings. (N.D. Cal. C-06-05302-RMW, Dkt. 128.) The law-of-the-case doctrine bars Plaintiff from raising that argument again. In any event, Plaintiff's misplaced claim of bias—based on nothing more than his disagreement with the Court's rulings—is not a basis for reopening the thirteen-year-old judgment against him, as this Court has already observed. (*Id.*) There has been no "fraud" to justify Rule 60 relief. *See Latshaw*, 452 F.3d at 1104.

### IV. Plaintiff is and should be declared a vexatious litigant

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The purpose of such orders is to prevent the "flagrant abuse of the judicial process" wherein "one person to preempt[s] the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (internal markings omitted). Four factors inform the Court's decision whether to declare a vexatious litigant:

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

*Id.*

All four factors are met here. First, the City seeks a vexatious litigant order in an ordinary noticed motion, so Plaintiff will have the opportunity to respond and thereby be heard before entry of the order. Second, the Court will be able to compile an adequate record for review following full briefing by the parties, which requires only that the Court make reference to Plaintiff's many

9

abusive filings in this Court and the Ninth Circuit over the past thirteen years, as the City here documents. *See Frost v. United States*, No. 19-CV-05190-EMC, 2020 WL 1288326, at *6 (N.D. Cal. Mar. 18, 2020) (holding that the second factor "requires only that the court compile a list of actions and filings by the litigant"); *Boustred v. Gov't*, No. C-08-00546 RMW, 2008 WL 4287570, at *2 (N.D. Cal. Sept. 17, 2008) (holding that second factor was met by reference to previous court orders dismissing actions by plaintiff).

Third, Plaintiff's conduct in this and related matters has amply demonstrated that Plaintiff has used the judicial process to engage in frivolous and harassing conduct. All told, Plaintiff has sought to resurrect his claims against Defendants through six different complaints or motions to reopen in this Court, not to mention the battery of menacing and belligerent letters that have accompanied such filings. Plaintiff has also sued the City of San Jose's sitting mayor and councilpersons under frivolous claims stemming from the same grievances about this Court's 2008 judgment against him. All such actions by Plaintiff have been rejected, often multiple times, because all have had no basis in law. Indeed, the Ninth Circuit has found Plaintiff's appeals from this Court's orders disposing of his claims to have been "so insubstantial" as to warrant summary dismissal without argument. (*See*, *e.g.*, 9th Cir. 16-16094, Dkt. 14.; 9th Cir. 16-16581, Dkt. 11.)

Plaintiffs many filings have, in short, been both "harassing" and "numerous [as well as] patently without merit." *See Molski*, 500 F.3d at 1059 (holding that a vexatious litigant designation is warranted either because a plaintiff's claims are "harassing" or because they are "numerous" and "patently without merit"). Despite repeated rulings against him, Plaintiff has maintained a persistent crusade against the City, its officials, and the courts, causing the unnecessary expenditure of time and resources by all. Indeed, as Plaintiff's letter to the Ninth Circuit (9th Cir. 13-16397, Dkt. 43) vowing "that litigation will not end" and that the failure to capitulate to him will mean "more

judicial resources will be wasted" makes clear, wasting the courts' and the parties' time is the whole point. The time has come for the Court to put an end to this abuse of the judicial process.

Fourth, the Court can issue a narrowly tailored order that addresses the singular problem of Plaintiff's abuse of the courts with lawsuits against the City of San Jose and its officials or employees. The City requests that the Court require Plaintiff to obtain leave of court before filing any further lawsuit, or any further document in any existing case, in which the City of San Jose, or any City of San Jose official or employee, or any judicial officer, is named as a defendant. *See*, *e.g.*, *Ou-Young v. Stone*, No. 19-CV-07000-BLF, 2019 WL 6619879, at *9 (N.D. Cal. Dec. 5, 2019) (declaring plaintiff a vexatious litigant and ordering: (1) the plaintiff to "obtain leave of court before filing any complaint that alleges claims against" all federal judges, and (2) that the "Clerk of the Court . . . not accept for filing any complaint" alleging claims against federal judges "until the complaint has been reviewed by a judge and approved"); *Frost*, WL 1288326, at *9 (requiring leave of court before plaintiff could file claims "against any federal entity or any current or former federal employee"); *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2015 WL 1063070, at *12 (N.D. Cal. Mar. 10, 2015) (same, regarding any action with respect to a particular property). Such an order would be no broader than necessary to forestall Plaintiff's further use of the courts to exact punishment on the City and its employees for his long-concluded, unmeritorious grievance.

## Conclusion

Plaintiff has raised the exact arguments of his complaint in the same effort to revive his 2006 lawsuit multiple times in this Court and the Ninth Circuit Court of Appeals. The courts have rejected the arguments as unmeritorious, frivolous, and barred. Yet Plaintiff is here raising them again, unnecessarily imposing on the Court's time and that of Defendants. The City requests that the

Court issue an order dismissing Plaintiff's complaint. The City further requests that the Court declare Plaintiff a vexatious litigant and issue an order in accordance with that declaration.

Respectfully submitted,

Dated: March 1, 2021

NORA FRIMANN, City Attorney

By: /s/ Matthew Pritchard
MATTHEW PRITCHARD
Senior Deputy City Attorney

Attorneys for CITY OF SAN JOSE