United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FREDERICK BATES,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF SAN JOSE, et al.,<br><br>   Defendants. | Case No. 20-cv-07609-BLF<br><br>**ORDER STAYING DISCOVERY** |

At the March 11, 2021 case management conference, Defendants requested a stay of discovery until 30 days after this Court rules on the pending motion to dismiss. Plaintiff indicated that he does not oppose this request.

A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Gibbs v. Carson*, No. C-13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek"

1  at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*,
2  278 F.R.D. at 602.
3       The Court has taken the requisite preliminary peek at Defendants' pending motion to
4  dismiss and finds that it is potentially dispositive and can be decided absent discovery.
5  Accordingly, under Ninth Circuit law and the two-pronged approach applied by courts in this
6  district, the Court finds that good cause exists to stay discovery. *See* Fed. R. Civ. P. 26(c)(1)(A).
7  This discovery stay furthers the goal of efficiency for the court and the litigants, and is necessary
8  to protect Defendants from oppressive discovery based on allegations that might not proceed.
9       For the reasons set forth above, discovery in this case is STAYED until thirty (30) days
10 after the Court rules on the pending motion to dismiss.
11 **IT IS SO ORDERED.**

Dated: March 11, 2021

_____
BETH LABSON FREEMAN
United States District Judge