United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

FREDERICK BATES,
Plaintiff,

v.

CITY OF SAN JOSE, et al.,
Defendants.

Case No. 20-cv-07609-BLF

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE AS TO DEFENDANT CITY OF SAN JOSE AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT**

[Re: ECF No. 10]

Before the Court is Defendant City of San Jose's[1] Motion to Dismiss Plaintiff's Complaint and Declare Plaintiff a Vexatious Litigant. *See* ECF No. 10 ("Motion"). Specifically, Defendant City of San Jose ("the City") requests that the Court (1) dismiss Plaintiff's Complaint with prejudice; (2) declare Plaintiff a vexatious litigant against the City, its officials or employees, and judicial officers; and (3) require Plaintiff to obtain leave of court before filing any future actions against those entities. *See* Motion at 11-12. Plaintiff opposes the Motion in its entirety. *See* ECF No. 15 ("Opp'n"). The Court held a hearing on the Motion on August 12, 2021. For the reasons stated below, the City's Motion is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE as to the City of San Jose, and the Court ORDERS that Plaintiff must obtain leave of court before filing any future actions against the City, its officials or employees, or judicial officers.

[1] Defendants Robert Davis, Adonna Amoroso, and Tuck Younis remain unserved. The Court previously extended the deadline to serve them. *See* ECF No. 20. This Order does not pertain to the claims against those Defendants.

## I. BACKGROUND

Since 2006, Plaintiff has filed four lawsuits—including this one—arising from conduct that is alleged to have occurred after he retired from the San Jose Police Department in 2004.

### A. *Bates I*

Plaintiff first filed a small claims lawsuit against the City on November 10, 2005 in the Santa Clara County Superior Court. *See Frederick Bates v. City of San Jose*, No. 2005-4-SC-015768 (Cal. Super. Ct. Santa Clara Cty.) ("*Bates I*"). In that suit, Plaintiff sought to recover from the City a $1,500 retainer that he paid his attorney to help him secure his concealed carry permit through the process underlying the claims in his federal lawsuits. The state court entered judgment in favor of the City on January 30, 2006.

### B. *Bates II*

On August 29, 2006, Plaintiff filed his first federal court lawsuit. *Frederick Bates v. City of San Jose, Robert Davis, Adonna Amoroso, & Tuck Younis*, No. 5:06-cv-5302-RMW (N.D. Cal. filed Aug. 29, 2006) ("*Bates II*"). In that complaint, he alleged that upon his retirement from the police department in April 2004, he received a retirement identification card that was not stamped with an endorsement allowing him to carry a concealed weapon. *See Bates II*, ECF No. 1 ¶ 6; *see also* Cal. Pen. Code § 12027.1(a) (entitling certain retired peace officers to obtain retirement ID cards with concealed carry endorsements). Plaintiff asserted that Amoroso, then the deputy chief of police, denied his concealed carry authorization without a hearing because of a work restriction on Plaintiff's medical records indicating that he was to avoid psychologically stressful work. *Bates II*, ECF No. 1 ¶ 7; *see also* Cal. Pen. Code § 12027.1(e) (prohibiting issuance of a concealed carry endorsement to peace officers who retire "because of a psychological disability").

After the City refused to issue him the endorsement, Plaintiff claimed that in August 2004, Tuck Younis, an acting captain for the police department, received information from Plaintiff's physician clarifying that Plaintiff did not have a psychological disability and should not precluded from carrying a concealed weapon on that basis. *Bates II*, ECF No. 1 ¶ 8. Plaintiff alleged that it took four months beyond that time before the police department reversed its decision and issued him a concealed carry endorsement. *Id.* ¶ 11. Plaintiff asserted two causes of action, one against

the individual defendants and one against the City, alleging violation of his civil rights, deprivation of due process, and deprivation of the right to bear arms for failing to immediately grant him a concealed carry endorsement. *Id.* ¶¶ 5-16. Plaintiff sought compensatory and punitive damages plus attorneys' fees. *Id.* ¶ 17.

On July 7, 2008, Judge Ronald Whyte granted defendants' motion for summary judgment. *Bates II*, ECF No. 30. Judge Whyte held that (1) the individual defendants were entitled to qualified immunity because the right to a good cause hearing under Plaintiff's circumstances was not clearly established law, *id.* at 6-7; and (2) that Plaintiff was collaterally estopped from asserting his claim against the City because it was adjudicated in in *Bates I* when the small claims court entered judgment in favor of the City, *id.* at 7-8. Judge Whyte entered judgment in favor of defendants. *Bates II*, ECF No. 31.

Plaintiff filed his first appeal in *Bates II* on July 29, 2008. *Bates II*, 9th Cir. No. 08-16757. The Ninth Circuit affirmed in a memorandum disposition on November 20, 2009. *Id.*, ECF No. 20. Plaintiff submitted a letter to the Ninth Circuit on February 1, 2010, alleging that the district court judgment was a product of "misconduct by the City." *Id.*, ECF No. 22. The Ninth Circuit took no action in response to the letter and stated that no further filings would be accepted in the case as of February 6, 2010. *Id.*, ECF No. 42. Despite this order, Plaintiff continued to file documents in the appeal. *Id.*, ECF Nos. 24-30.

Back in the district court, on February 21, 2013, Plaintiff filed a motion for relief from judgment under Fed. R. Civ. P. 60, arguing that attorneys for the City and other defendants had "concocted an unconscionable plan designed to improperly influence" Judge Whyte to grant defendants' motion for summary judgment. *See Bates II*, ECF No. 43, at 5-16. The court denied the motion on April 26, 2013, *id.*, ECF No. 55. Plaintiff appealed that ruling to the Ninth Circuit, which affirmed two years later on July 31, 2015. *Bates II*, 9th Cir. No. 13-16397, ECF No. 41. While Plaintiff's petition for rehearing was pending, he submitted a letter to the Ninth Circuit, stating:

> A failure of this court to reverse itself all but ensures that litigation will not end, because the current ruling of this court is void by law and I am under no obligation to comply with it. I will not be bullied by the court or the City in relinquishing my rights in this matter.

> This means that more judicial resources will be wasted; and it will also create a very uncomfortable situation.

*Id.*, ECF No. 43. The Ninth Circuit denied the petition for rehearing and said that "no further filings "w[ould] be entertained." *Id.*, ECF No. 45.

While the appeal from the first Rule 60 motion was still before the Ninth Circuit, Plaintiff filed another Rule 60 motion, alleging that his own attorney fraudulently entered a stipulation to dismiss defendant Younis from the case without his consent. *Bates II*, ECF No. 72. Judge Whyte denied that motion. *Id.*, ECF No. 86. Plaintiff appealed that order to the Ninth Circuit, and the Ninth Circuit dismissed the appeal on February 10, 2014. *Bates II*, 9th Cir. No. 14-15080, ECF No. 4.

After partial proceedings in *Bates III*, *see infra* Section I.C, Plaintiff filed a third Rule 60 motion on May 9, 2016, and a motion to recuse Judge Whyte on June 16, 2016, alleging that Judge Whyte had shown "pervasive and deep-seated favoritism" toward the City. *Bates II*, ECF Nos. 116, 123. Judge Whyte denied both motions in August 2016. *Id.*, ECF No. 128. Plaintiff appealed to the Ninth Circuit, which summarily affirmed, finding that "the questions raised in this appeal are so insubstantial as not to require further argument." *Id.*, 9th Cir. No. 16-16581, ECF No. 11.

### C. *Bates III*

On December 14, 2015, Plaintiff filed a new lawsuit against the City, Mayor Sam Liccardo, Vice Mayor Rose Herrera, and nine City councilmembers. *Frederick Bates v. City of San Jose, Sam Liccardo, Rose Herrera, Charles Jones, Ash Kalra, Raul Peralez, Manh Nguyen, Magdalena Carrasco, Pierluigi Oliverio, Tam Nguyen, Donald Rocha, & Johnny Khamis*, No. 15-cv-5729-EJD (N.D. Cal. filed Dec. 14, 2015) ("*Bates III*"). Plaintiff alleged that the defendants failed to respond to his letters asking for investigations of alleged misconduct by the City Attorney and other City officials. *Id.*, ECF No. 1. Magistrate Judge Nathaniel Cousins granted defendant's motion to dismiss on June 10, 2016. *Id.*, ECF No. 40. Plaintiff appealed, and the Ninth Circuit summarily dismissed, saying again that the questions raised were "insubstantial." *Id.*, 9th Cir. No. 16-16094, ECF No. 14. Plaintiff filed yet another Rule 60 motion on June 8, 2017, which Judge Cousins denied three weeks later. *Id.*, ECF Nos. 57, 60. Plaintiff again appealed, and the Ninth

Circuit again summarily dismissed. *Id.*, 9th Cir. No. 17-16413, ECF No. 4.

**D. *Bates IV* – This Lawsuit**

On October 29, 2020, Plaintiff filed this lawsuit against the City, Robert Davis, Adonna Amoroso, and Tuck Younis. *Frederick Bates v. City of San Jose, Robert Davis, Adonna Amoroso, & Tuck Younis*, No. 5:20-cv-7609-BLF (N.D. Cal. filed Oct. 29, 2020) ("*Bates IV*"). Plaintiff's Complaint seeks to assert an "independent action in equity" to set aside the judgment in *Bates II*. *Id.*, ECF No. 1. He alleges three grounds for setting aside the judgment: (1) that his attorney and Defendants' attorneys committed fraud by dismissing defendant Younis by stipulation without Plaintiff's permission; (2) that the court inappropriately applied res judicata in its earlier summary judgment ruling; and (3) that previous judges in these cases have showed bias against him and in favor of the City. *Id.* ¶¶ 8, 15, 20. Plaintiff purports to bring his lawsuit under Fed. R. Civ. P. 60, 28 U.S.C. § 1738, and the First, Fifth, and Fourteenth Amendments to the Constitution. *Id.* at 2.

## II. LEGAL STANDARD

### A. Motion to Dismiss

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pro se complaint must be liberally construed, since a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (cleaned up).

When evaluating a Rule 12(b)(6) motion, the district court must consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048,

1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**B. Motion to Declare Plaintiff Vexatious Litigant**

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Restricting access to the courts is, however, a serious matter." *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). "[T]he right of access to the courts is a fundamental right protected by the Constitution," and "[p]rofligate use of pre-filing orders could infringe this important right." *Id.* at 1061-62 (cleaned up). Thus, "pre-filing orders should rarely be filed," and only when certain requirements are met. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1148). A district court therefore has discretion to restrict a litigant's future filings by requiring leave of court. *See De Long*, 912 F.2d at 1146-47.

A court must analyze the four *De Long* factors before imposing pre-filing restrictions. A district court must: "(1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147-48). "The first and second of these requirements are procedural," while the third and fourth requirements are "substantive considerations" helpful to defining who is a vexatious litigant and fashioning an appropriate remedy." *Id.* at 1062.

## III. DISCUSSION

The Court will first address the City's motion to dismiss before turning to its request to declare Plaintiff a vexatious litigant.

United States District Court
Northern District of California

**A. Motion to Dismiss**

The City moves to dismiss Plaintiff's Complaint in full, arguing that each of his three grounds for this independent action in equity is barred by the law-of-the-case doctrine. Motion at 6-9. Plaintiff does not substantively respond to the City's law-of-the-case argument, instead arguing that his three theories of fraud satisfy the five elements traditionally required to sustain an independent action in equity. Opp'n at 4-15. The Court agrees with the City.

Federal Rule of Civil Procedure 60 preserves a court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding" in an earlier action. Fed. R. Civ. P. 60(d)(1). Relief from an earlier judgment "must be granted only in instances of grave injustice." *United States v. Beggerly*, 524 U.S. 38, 45 (1998). This is a "demanding standard." *Id.* at 46. To assert an independent action in equity, a plaintiff must demonstrate (1) that he has a meritorious claim or defense, (2) that the plaintiff is diligent and not at fault, (3) there is a lack of an alternative remedy, and (4) that the judgment is manifestly unconscionable." *Wilson v. Leigh Law Grp., P.C.*, No. 20-cv-3045-MMC, 2020 WL 3972574, at *2 (N.D. Cal. July 14, 2020).

The Court need not analyze all four factors because it finds the first factor dispositive. Plaintiff's underlying claims are not meritorious because they are within the law-of-the-case doctrine. "Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court" in the same case. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (cleaned up). "A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; 4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *Id.*

Here, each of Plaintiff's bases for his independent action was considered and rejected by the Ninth Circuit in his other actions against the City and the other defendants.[2] First, Plaintiff brought two separate Rule 60 motions asserting that his and the City's attorneys committed fraud

[2] Although the law-of-the-case doctrine traditionally applies only to issues decided earlier in the same lawsuit, an independent action in equity is considered a "continuation of the former suit" that contains the judgment the independent action seeks to set aside. *See Beggerly*, 524 U.S. at 46.

by dismissing defendant Younis from *Bates II*. *See Bates II*, ECF Nos. 72, 116. Judge Whyte denied both motions, *id.*, ECF Nos. 86, 128, and the Ninth Circuit dismissed both of Plaintiff's appeals. *See id.*, 9th Cir. Nos. 13-16397 & 14-15080. Similarly, Plaintiff has three times argued that Judge Whyte misapplied res judicata to the state court judgment, and each time that argument has been rejected. It was the original basis for granting summary judgment in favor of the City, *see Bates II*, ECF No. 30, and the Ninth Circuit affirmed that decision, *see id.*, 9th Cir. No. 08-16757. The Ninth Circuit twice more rejected Plaintiff's argument in his Rule 60 motions that the doctrine was misapplied. *See id.*, 9th Cir. Nos. 13-16397 & 16-16581. And finally, Plaintiff's argument that Judge Whyte showed bias toward him was also rejected by the Ninth Circuit. *See id.*, 9th Cir. No. 16-16581. The rejection of each of Plaintiff's theories is thus law of the case.

The Court finds that there is no reason to exercise its discretion to depart from the law of the case. *Alexander*, 106 F.3d at 876. The earlier decisions on these issues are not clearly erroneous. Indeed, another judge on this court has previously rejected Plaintiff's theories of fraud, and the Ninth Circuit found Plaintiff's arguments to overturn those decisions "insubstantial." *E.g.*, *Bates II*, 9th Cir. No. 16-16581, ECF No. 11. Furthermore, there has been no intervening change in the law, no allegation of substantially different evidence than when these theories were first asserted, nor any changed circumstances. And manifest injustice will not occur from applying the law-of-the-case doctrine to theories that have been evaluated by multiple courts.

In his opposition (and at the hearing), Plaintiff argues that *Turner v. Pleasant*, 663 F.3d 770 (5th Cir. 2011), compels the Court to allow this action to proceed. But that case is inapposite. In *Turner*, the plaintiffs sought relief from a judgment entered against them in their personal injury lawsuit. At trial, the defendants retained a lawyer and an expert witness who, unbeknownst to the plaintiffs, each was personal friends with the trial court judge. *Id.* at 773. After plaintiff's original appeal of the judgment was dismissed, the House of Representatives initiated impeachment proceedings against the trial court judge and issued a Report discussing, among other improprieties, the *Turner* case. *Id.* at 774. The Report revealed that, during the trial, the defense attorney helped facilitate the gift of all-expenses-paid hunting trips to the judge from a company appearing before the judge in a different case. *Id.* The House unanimously voted to impeach the

judge, and the Senate voted to remove him from office. *Id.* Plaintiffs sought to reopen the judgment in their case, pointing to the House Report and alleging that the defendants used the expert witness to gain further favor with the trial judge. *Id.* at 774-75. The Fifth Circuit reversed the district court's rejection of the request on res judicata grounds, finding that the "unusual facts" and "historic context" of the case made it "at least plausible that the district court did not perform its task in the manner expected." *Id.* at 777.

This case is far afield from *Turner*. The facts underlying the independent action in *Turner* came from a one-and-a-half year investigation by the House of Representatives that resulted in only the eighth impeachment and removal of a federal judge in United States history, in part based on his behavior in the underlying lawsuit. *Turner*, 663. F3d at 777. Here, in contrast, other judges on this court and the Ninth Circuit have repeatedly evaluated and rejected Plaintiff's claims of fraud and bias, finding that "the questions raised in [these appeals] are so insubstantial as not to require further argument." *E.g., id.*, 9th Cir. No. 16-16581, ECF No. 11. *Turner* thus provides no reason to grant relief from the prior judgment.

The Court also finds that leave to amend is not warranted. Leave must ordinarily be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors). Here, leave to amend would be futile. As recounted above, another judge in this district has examined and rejected Plaintiff's arguments multiple times, and the Ninth Circuit has repeatedly stated that Plaintiff's claims are "insubstantial" and not worthy of further examination.

On this basis, the City's Motion to Dismiss is GRANTED WITHOUT LEAVE TO AMEND as to claims against the City.

**B. Motion to Declare Plaintiff a Vexatious Litigant**

The City further requests that the Court declare Plaintiff a vexatious litigant against the City, its officials and employees, and judicial officers. Motion at 9-11. Plaintiff opposes, primarily repeating his allegations and arguments against the motion to dismiss. Opp'n at 15-16.

For the following reasons, the Court agrees with the City and will institute a pre-filing screening order.

**i. Notice and Opportunity to Oppose**

The first requirement for a pre-filing screening order is satisfied where the litigant is given notice that the court is considering a pre-filing screening order and an opportunity to oppose such an order before it is issued. *See Ringgold-Lockhart*, 761 F.3d at 1062. A hearing is not required. *See Ou-Young v. Roberts*, No. 19-cv-07000-BLF, 2019 WL 6619879, at *3 (N.D. Cal. Dec. 5, 2019). Here, the City requested that the Court declare Plaintiff a vexatious litigant in its Motion. *See* Motion at 9-11. Plaintiff had the opportunity to oppose the request in his opposition brief, and he did so. *See* Opp'n at 15-16. Additionally, the Court held oral argument on the matter and afforded Plaintiff a full opportunity to address the issue. Accordingly, Plaintiff received notice of and actually opposed the issuance of an order declaring him a vexatious litigant, and the first *De Long* factor is met.

**ii. Adequate Record for Review**

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Ou-Young*, 2019 WL 6619879, at *3 (quoting *De Long*, 912 F.2d at 1147); *see also Hurt v. All Sweepstakes Contests*, No. C-12-4187-EMC, 2013 WL 144047, at *5 (N.D. Cal. Jan. 11, 2013) (second *De Long* factor met where the court "compiled a list of all the actions Plaintiff filed"). The record must at least show "that the litigant's activities were numerous or abusive." *Id.*

The Court has recounted in the Background section the cases that Plaintiff has filed in this district based on the same allegations as the Complaint in this case, the myriad motions he made in each case, and the five appeals to the Ninth Circuit that he filed. All motions and appeals were unsuccessful. The second *De Long* factor is thus met.

**iii. Frivolous or Harassing Filings**

The third *De Long* factor requires that the Court "make substantive findings" that the litigant's actions have been either frivolous or harassing. "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the

frivolousness of the litigant's claims." *See Ringgold-Lockhart*, 761 F.3d at 1064. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (cleaned up). The Court may alternatively make a finding that the litigant has engaged in a pattern of harassment. *See id.* "Finally, courts should consider whether other, less restrictive options are adequate to protect the court and parties." *Id.*

The Ninth Circuit has articulated "a helpful framework" of five factors for evaluating the frivolous or harassing nature of a plaintiff's filings: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Ringgold-Lockhart*, 761 F.3d at 1062 (citation omitted).

The first factor analyzes whether Plaintiff's history of litigation is vexatious, harassing, or duplicative, and weighs in favor of a pre-filing screening order. As recounted in the Background section, Plaintiff has repeatedly sued the City and several of its officers and employees, despite courts finding Plaintiff's allegations meritless, and he has baselessly accused the judges presiding in those cases of bias against him. In each case, Plaintiff has filed multiple motions to reopen the case and multiple appeals of the denial of those motions to the Ninth Circuit, all of which have been dismissed. Plaintiff has also made clear that he intends to continue his campaign, saying in a letter to the Ninth Circuit that, unless judgment was reversed in his favor, the "litigation will not end" and "more judicial resources will be wasted." *Bates II*, 9th Cir. No. 13-16397, ECF No. 43. This campaign is clearly comprised of harassing and duplicative lawsuits.

The second factor—Plaintiff's motive in pursuing the litigation—also weighs in favor of a screening order. Plaintiff has been repeatedly told that his claims are not viable and barred by res judicata or the law-of-the-case doctrine. His conduct of filing new lawsuits, in addition to his motions to reopen his cases and his motion to disqualify Judge Whyte in the principal case, strongly suggests that he will keep filing new cases in the hope of finding a new judge to

adjudicate his claims. After reviewing the orders issued by judges in this district and on the Ninth Circuit, the Court can only conclude that Plaintiff's purpose is to harass the defendants.

The third factor looks to whether Plaintiff is represented by counsel. The Court is mindful that because Plaintiff is a pro se litigant, it should "tread[] carefully" in considering a pre-filing screening order. *See Frost*, 2020 WL 1288326, at *7 (citing *De Long*, 912 F.2d at 1147). But the judges in this circuit have been patient with Plaintiff's conduct and have thoroughly heard his arguments multiple times. Judge Whyte adjudicated Plaintiff's original federal claims in *Bates II* and three motions for relief from judgment. Judge Cousins adjudicated Plaintiff's second federal lawsuit in *Bates III*, along with one motion for relief from judgment. And the Ninth Circuit adjudicated five separate appeals from those decisions. The courts have been lenient with Plaintiff, but that leniency cannot "preempt the use of judicial time that properly could be used to consider the meritorious claims of others." *Boustred v. Gov't*, No. 08-cv-00548-RMW, 2008 WL 4287570, at *2 (N.D. Cal. Sep. 17, 2008) (citing *De Long*, 912 F.2d at 1148). Given this long history, this factor leans in favor of a screening order.

The fourth factor—whether Plaintiff has "caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel"—is clearly in favor of a screening order. The City has borne the expenses of defending against the same set of allegations for almost fifteen years through four lawsuits and five separate appeals to the Ninth Circuit, and the courts have borne the burden of adjudicating each one. Plaintiff himself admits that judicial resources have been "wasted" in the course of his lawsuits. *Bates II*, 9th Cir. No. 13-16397, ECF No. 43. Addressing the repeated complaints, motions, and appeals consumes judicial resources that would be better spent adjudicating claims not raised and rejected multiple times.

Finally, the fifth factor—whether there are less restrictive options that are adequate—is also in favor of a screening order. Given Plaintiff's previous cases, mere dismissal of this Complaint would be insufficient to stop Plaintiff's campaign. Indeed, Plaintiff has promised that he will continue to file lawsuits and that "more judicial resources will be wasted" if judgment is not entered in his favor. Monetary sanctions for frivolous filings would similarly waste judicial resources because any new lawsuits would have to be addressed by the City and adjudicated by a

judge prior to the imposition of sanctions. The Court thus finds that a screening order is the most efficient means of deterring Plaintiff's conduct.

Based on this record, the Court concludes that Plaintiff's conduct in bringing these lawsuits, motions, and appeals has been frivolous and harassing.

**iv. Narrowly Tailored**

A "[n]arrowly tailored order[] [is] needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (quoting *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)). Narrow tailoring is often accomplished by restricting the pre-filing restriction to certain entities or on certain facts. *See, e.g.*, *Frost v. United States*, No. 19-cv-5190-EMC, 2020 WL 1288326 (N.D. Cal. Mar. 18, 2020) (restricting pre-filing restriction to suits against "any federal entity or any current or former federal employees").

The City requests that the Court limit the pre-filing restriction to lawsuits "in which the City of San Jose, or any City of San Jose official or employee, or any judicial officer, is named as a defendant." Motion at 11. Given Plaintiff's history of repeatedly suing the City and its officers and employees—despite orders from both the district court and the Ninth Circuit finding those suits meritless—the Court concludes that an order requiring pre-filing screening of lawsuits against the City and its officers and employees is warranted.

The Court also finds that judicial officers should be included within the scope of the pre-filing restriction. Although Plaintiff has not named judicial officers as defendants in his lawsuits, those lawsuits have included rejected allegations of bias and conspiracies involving the court. For example, Plaintiff has without evidence accused Judge Whyte of showing "deep-seated and pervasive bias" in his rulings such that "he [wa]s unable to render a fair judgment" on Plaintiff's claims. *Bates II*, ECF No. 123, at 3. And the Complaint in this case alleges that judges of this court have "deep-seated bias" against him and "favoritism for Defendants," and that they have not "act[ed] in an impartial matter." Compl. at 2, ¶¶ 20-23. Plaintiff has further alleged that the court has "conspired with Defendants" to hold fraudulent hearings and rule against Plaintiff. *Id.* ¶ 20. These allegations have been rejected as meritless by both other judges in the district and the Ninth

Circuit. *Bates II*, 9th Cir. No. 16-16581, ECF No. 11.

An order requiring pre-filing review of any lawsuit or other action filed by Plaintiff against the City, its officers or employees, or judicial officers is narrowly tailored to address Plaintiff's propensity to sue based on the allegations in the Complaint in this case and his previous cases. This order will not prevent Plaintiff from litigating potentially meritorious claims against those entities, but it will prevent those entities and the courts from being burdened by meritless lawsuits.

* * *

The Court recognizes Plaintiff's frustration with the events underlying his lawsuits, which are no doubt compounded by the racism Plaintiff says he has faced throughout his life. But the Court is bound to apply the law, which it finds requires dismissal of Plaintiff's claims against the City with prejudice and institution of tailored pre-suit screening.

## IV. ORDER

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE as to Defendant City of San Jose;

(2) Plaintiff is declared a vexatious litigant and thus must obtain leave of court before filing any lawsuit or other action that alleges claims against the City of San Jose, its officers or employees, or judicial officers;

(3) The Clerk of Court shall not accept for filing any lawsuit or other action alleging claims against the City of San Jose, its officers or employees, or judicial officers until it has been reviewed by a judge and approved for filing. The Clerk shall forward any such lawsuit or other action to the general duty judge for pre-filing screening; and

/ / /

/ / /

/ / /

/ / /

/ / /

(4) This order applies to lawsuits or other actions that Plaintiff seeks to file in this district, lawsuits filed in state court and removed to this district, and claims or other actions filed in adversary proceedings in this district's bankruptcy court.

Dated: August 23, 2021

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California